DAVID R. SIDRAN (SBN 121063)
THOMAS M. CROWELL (SBN 172799)
TOSCHI, SIDRAN, COLLINS & DOYLE
5145 Johnson Drive
Pleasanton, CA 94588
Tel: (510) 835-3400
Fax: (510) 835-7800

Attorneys for Plaintiffs,
BARNES FAMILY COMPANY, INC.,
dba PLATINUM CHEVROLET and
FOREIGN AUTOMOTIVE, dba MANLY HONDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BARNES FAMILY COMPANY, INC., A CALIFORNIA CORPORATION DOING BUSINESS AS PLATINUM CHEVROLET and FOREIGN AUTOMOTIVE, A CALIFORNIA CORPORATION DOING BUSINESS AS MANLY HONDA,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH DAVID GRANADE SR., AKA DAVID GRANADE, INDIVIDUALLY AND DBA GRANADE MOTOR CARS, and DOES 1-200,<br><br>Defendants. | Case No.: 4:18-cv-6508<br><br>**COMPLAINT** |

### I. PARTIES

1. Plaintiffs BARNES FAMILY COMPANY, INC., A CALIFORNIA CORPORATION DOING BUSINESS AS PLATINUM CHEVROLET ("PLATINUM CHEVROLET") and FOREIGN AUTOMOTIVE, A CALIFORNIA CORPORATION DOING BUSINESS AS MANLY HONDA ("MANLY HONDA"), are and were, at all times relevant to this complaint, California Corporations authorized to do business and doing business as automobile dealerships in the County of Sonoma, State of California.

2.  As to defendant JOSEPH DAVID GRANADE SR., aka DAVID GRANADE, Plaintiffs are informed and believe that he is an individual residing in the State of Texas or the State of Colorado, who is sued both as an individual and as the sole proprietor of GRANADE MOTOR CARS.

3.  Plaintiffs are informed and believe and on such information and believe allege that GRANADE MOTOR CARS is a sole proprietorship located in the state of Texas.  Joseph David Granade, Sr., is the Sole Proprietor thereof.

4.  The true names and capacities of Defendants sued in the Complaint under the fictitious names of Does 1 through 200, inclusive, are unknown to Plaintiff(s) who therefore bring(s) suit against such Defendants by such fictitious names.

5.  All the Defendants described above shall collectively be referred to as "Defendants" in this complaint.

6.  Whenever reference is made in this complaint to any act of Defendants, such allegations shall mean that each Defendant acted individually and jointly with the other defendants named in that cause of action.

7.  Whenever reference is made in this complaint to any act of any corporate or other business Defendant, such allegation shall mean that such corporation or other business did the acts alleged in the complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

8.  At all relevant times, each of the Defendants has acted and was acting as an agent, representative, or employee of each of the other Defendants and has acted within the course and scope of said agency or representatives or employment with respect to the causes of action in this complaint.

## II. JURISDICTION

9.  Plaintiffs bring their complaint under in Federal Court pursuant to 28 U.S.C §1332, as the parties are completely diverse in citizenship.  Plaintiffs are residents of California, and Defendants are residents of Texas and/or Colorado  and the amount in controversy exceeds $75,000.  Plaintiff(s) are seeking to recover over 100,000 from Defendants, exclusive of interests and costs.

This court therefore has subject matter jurisdiction over this case based on diversity of citizenship between Plaintiffs and Defendants.

10. This Court has personal jurisdiction over the Defendants in this matter because they purposefully availed themselves of the benefits of California law by contacting California automobile dealerships in order to perpetrate the wrongful acts described below, the wrongful acts of Defendants occurred within the State of California, the controversy arises from the Defendants' contact with the Plaintiffs within the State of California, and justice allows and requires this Court to exercise personal jurisdiction over Defendants based on such contacts with the State of California in connection with the subject matter of this lawsuit.

### III. VENUE

11. Venue is proper because the wrongful acts occurred in Sonoma County, which is within the Northern District of California's venue.

### IV. INTRADISTRICT ASSIGNMENT

12. Pursuant to Local Rule 3.2(c), this matter should be assigned to the San Francisco or Oakland division as the acts alleged herein occurred in Sonoma County.

### V. FACTS

#### A. Statement of Claim (FRCP Rule 8(2)(a))

13. This is a claim for fraud, conversion and similar causes of action arising from a scam perpetrated by Defendants.  Simply put, Defendants defrauded two car dealerships by purchasing five used cars from Platinum Chevrolet, taking possession of them without paying for them, then selling the cars to another dealership down the street, Manly Honda, absconding with the funds and failing to deliver title documents to Manly Honda.

#### B. General Facts.

14. In August, 2017, Defendants, and each of them, contacted Plaintiff PLATINUM CHEVROLET with the intent of purchasing several used vehicles that were in PLATINUM CHEVROLET's used car inventory.  Defendants, and each of them, ultimately chose to purchase five vehicles.

15. The five vehicles purchased by Defendants, and each of them, from PLATINUM CHEVROLET, their vehicle identification numbers ("VIN"), and the agreed upon prices, are as follows:

| | |
|---|---|
| 2016 Honda Accord, VIN 1HGCR2F86GA177105 | $19,600 |
| 2015 Mazda 3, VIN 3MZBM1L78FM168323 | $12,500 |
| 2015 Honda Pilot, VIN 5FNYF4H69FB001286 | $26,000 |
| 2013 Honda Crosstour, VIN 5J6TF3H59DL003684 | $15,000 |
| 2017 Honda Accord, VIN 1HGCR2F8HA133654. | <u>$21,000</u> |
| | $94,100 |

16. These five sales were made between August 22, 2017 and September 19, 2017. The five cars shall be referred to hereinafter as "the Subject Vehicles."

17. As it is a common practice in the used car industry for sales among dealerships, the Subject Vehicles were delivered to Defendants, who picked up the Subject Vehicles at PLATINUM CHEVROLET, even though payment had not been made for the Subject Vehicles at that time. Defendants represented, and it is expected and common within the industry, that payment for the Subject Vehicles would be made after delivery.

18. In the normal course of business, the title paperwork is not delivered to the purchasing dealership until payment is made.

19. Defendants never paid PLATINUM CHEVROLET the agreed upon prices for the Subject Vehicles.

20. As no payment from Defendants was ever made, the title documents were never finalized, filed with the California Department of Motor Vehicles, or delivered to Defendants. Defendants never had title for the Subject Vehicles, were never the legal owners thereof, and thus were never authorized to resell the Subject Vehicles.

21. PLATINUM CHEVROLET has made multiple requests for payment from Defendants, and each of them, including but not limited to a demand by PLATINUM CHEVROLET'S counsel written April 13, 2018. There has been no response from Defendants to PLATINUM CHEVROLET'S multiple demands for payment.

22. Subsequent to Defendants, and each of them, taking possession of the Subject Vehicles, and despite not having legal ownership or title to the Subject Vehicles, Defendants, and each of them, offered the Subject Vehicles for sale to MANLY HONDA.

23. MANLY HONDA did agree to purchase the Subject Vehicles for $97,700, and did pay this amount to Defendants.

24. Defendants, and each of them, did not have ownership or title to the Subject Vehicle and was unable to deliver title for the Subject Vehicles to MANLY HONDA. Defendants, and each of them, pocketed the funds from MANLY HONDA and did not pay PLATINUM CHEVROLET for the Subject Vehicles.

25. Plaintiffs have demanded restitution from Defendants, and each of them, but Defendants have ignored Plaintiffs' demand.

## VI.   CAUSES OF ACTION

### A.   FIRST CAUSE OF ACTION (CONVERSION)

26. PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

27. Defendants and each of them, stole, took, converted, and improperly interfered with Plaintiff PLATINUM CHEVROLET'S ownership and possession of the five Subject Vehicles described above for Defendants own use and benefit.

28. Plaintiff PLATINUM CHEVROLET did not consent to Defendants' illegal conversion of the Subject Vehicles.

29. As a direct and legal result of Defendants' illegal conduct as set forth herein, PLATINUM CHEVROLET has been damaged in the amount of the reasonable value of the Subject Vehicles and in an amount to be proven at trial.

30. Plaintiff PLATINUM CHEVROLET's damages are ongoing and increasing due to the failure of Defendants, and each of them, to compensate PLATINUM CHEVROLET for the value of the Subject Vehicles that it subsequently purportedly sold to Plaintiff MANLY HONDA.

31. Defendants' acts, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure PLAINTIFF.  Defendants' and each of them,

entered the subject transaction with PLATINUM CHEVROLET knowing that they had no intent to pay for the Subject Vehicles.  Defendants further transferred the converted Subject Vehicles to another dealership with full knowledge that they had not paid for the Subject Vehicles, accepting compensation from MANLY HONDA with no intent to compensate PLATINUM CHEVROLET. Such acts demonstrate and constitute oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff PLATINUM CHEVROLET to punitive damages against Defendants, and each of them.

**B.   SECOND CAUSE OF ACTION  (TRESPASS TO CHATTELS)**

32. Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

33. Defendants, and each of them, intentionally interfered with PLATINUM CHEVROLET's use or possession of the Subject Vehicles.

34. Plaintiff PLATINUM CHEVROLET did not consent to Defendants' illegal interference with its possessory interest of its Subject Vehicles.

35. As a direct and legal result of Defendants' illegal conduct as set forth herein, PLATINUM CHEVROLET have been damaged in the amount of the reasonable value of the Subject Vehicles and in an amount to be proven at trial.

36. Plaintiff PLATINUM CHEVROLET's damages are ongoing and increasing due to the failure of Defendants, and each of them, to compensate PLATINUM CHEVROLET for the value of the Subject Vehicles that it subsequently purportedly sold to Plaintiff MANLY HONDA.

37. Defendants' acts, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure PLAINTIFF.   Defendants' and each of them, entered the subject transaction with PLATINUM CHEVROLET knowing that they had no intent to pay for the Subject Vehicles.  Defendants further transferred the Subject Vehicles to another dealership with full knowledge that they had not paid for the Subject Vehicles, accepting compensation from MANLY HONDA with no intent to compensate PLATINUM CHEVROLET. Such acts demonstrate and constitute oppression, fraud, and malice under California Civil Code

-6-
**COMPLAINT**

§3294, entitling Plaintiff PLATINUM CHEVROLET to punitive damages against Defendants, and each of them.

### C. THIRD CAUSE OF ACTION (UNJUST ENRICHMENT)

38. Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

39. Defendants unjustly received benefits from Plaintiffs due to their illegal and wrongful conduct.  Defendants, and each of them, improperly obtained the Subject Vehicles from PLATINUM CHEVROLET.  Next, by improperly transferring the Subject Vehicles to MANLY HONDA, Defendants, and each of them, illegally and wrongfully obtained money from MANLY HONDA for Subject Vehicles they did not own.  Defendants, and each of them obtained a neat profit for sales of Subject Vehicles that they never paid for.

40. Plaintiffs are entitled to full restitution of all amounts in which Defendants have been unjustly enriched at Plaintiff's expense.

### D. FOURTH CAUSE OF ACTION  (BREACH OF CONTRACT)

41. PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

42. Plaintiff PLATINUM CHEVROLET entered into an oral and written contract with Defendants, and each of them, whereby Plaintiff would sell the Subject Vehicles to Defendants for money.

43. Plaintiff MANLY HONDA entered into an oral and written contract with Defendants, and each of them, whereby Plaintiff would purchase the Subject Vehicles from Defendants for money.

44. Plaintiff PLATINUM CHEVROLET tendered the Subject Vehicles to Defendants and performed all other duties and requirements of the contract.

45. Plaintiff MANLY HONDA paid Defendants for the Subject Vehicles.

46. Each Plaintiff has performed all necessary duties and obligations under their respective contracts, except for those that have been waived or excused due to Defendants' breach.  Any conditions precedent have been performed by Plaintiffs, except for those that have been waived or excused due to Defendant's breach.

47. Defendants breached the contract with PLATINUM CHEVROLET by failing to pay for the Subject Vehicles.

48. Defendants breached the contract with MANLY HONDA by failing to deliver title and ownership of the Subject Vehicles, as such had not been obtained from PLATINUM CHEVROLET due to the breach of contract and fraudulent acts with and against PLATINUM CHEVROLET.

49. As a direct and legal result of Defendants' illegal conduct as set forth herein, Plaintiffs have been damaged in the amount of the reasonable value of the Subject Vehicles and in an amount to be proven at trial.

50. Plaintiffs damages are ongoing and increasing due to the failure of Defendants, and each of them, to compensate PLATINUM CHEVROLET for the value of the Subject Vehicles that it subsequently purportedly sold to Plaintiff MANLY HONDA, as well as Defendants theft of money from MANLY HONDA.

51. Defendants' acts, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiffs.   Defendants' and each of them, entered the subject transaction with Plaintiffs knowing that they had no intent to pay for the Subject Vehicles, or to provide ownership and title to the Subject Vehicles.  Such acts demonstrate and constitute oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff PLATINUM CHEVROLET to punitive damages against Defendants, and each of them.

**E.  FIFTH CAUSE OF ACTION  (FRAUD AND DECEIT (CCP §1709-10))**

52. Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

53. Defendants, and each of them, willfully and intentionally engaged in fraud and deceit as defined by California Civil Code §§1709-10

54. Defendants, and each of them, represented to PLATINUM CHEVROLET that they wished to purchase the Subject Vehicles.  PLATINUM CHEVROLET and Defendants agreed on a price for each Subject Vehicle.  Defendants falsely represented to PLATINUM CHEVROLET that they

intended to pay for the Subject Vehicles, and PLATINUM CHEVROLET relinquished possession of the Subject Vehicles to Defendants based on that representation.

55. Defendants had no intention of paying for the Subject Vehicles at the time they agreed on a price for the Subject Vehicles, and in fact never paid for the Subject Vehicles.

56. Defendants, and each of them, represented to MANLY HONDA that Defendants had ownership of the Subject Vehicles, and that for a price, they would sell those Subject Vehicles to MANLY HONDA.  An agreed upon price was reached, and MANLY HONDA did in fact tender money to Defendants for the purchase of the Subject Vehicles, however Defendants did not have legal ownership or title of the Subject Vehicles, and were unable to provide transfer ownership of the Subject Vehicles to MANLY HONDA so that MANLY HONDA could then sell the Subject Vehicles to its customers.  Defendants, and each of them, knew that they lacked ownership and titled to the Subject Vehicles due to the deceit and fraud perpetrated on PLATINUM CHEVROLET, and did accept money from MANLY HONDA for the Subject Vehicles which Defendants did not own.

57. As a direct and legal result of DEFENDANTS' illegal conduct as set forth herein, Plaintiffs have been damaged in the amount of the reasonable value of the Subject Vehicles and in an amount to be proven at trial.

58. Plaintiffs damages are ongoing and increasing due to the failure of Defendants, and each of them, to compensate PLATINUM CHEVROLET for the value of the Subject Vehicles that it subsequently purportedly sold to Plaintiff MANLY HONDA, as well as Defendants theft of money from MANLY HONDA.

59. Defendants' acts, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiffs.   Defendants' and each of them, entered the subject transaction with Plaintiffs knowing that they had no intent to pay for the Subject Vehicles, or to provide ownership and title to the Subject Vehicles.  Such acts demonstrate and constitute oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff PLATINUM CHEVROLET to punitive damages against Defendants, and each of them.

//

F. **SIXTH CAUSE OF ACTION (FRAUD-INTENTIONAL MISREPRESENTATION - PROMISSORY FRAUD CAL. CIV CODE §1572)**

60. Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

61. Defendants, and each of them, willfully and intentionally engaged in fraud and misrepresentation as defined by California Civil Code §1572.

62. Defendants, and each of them, willfully and intentionally engaged in fraud by making a promise without intent of performing.

63. Defendants, and each of them, represented to PLATINUM CHEVROLET that they wished to purchase the Subject Vehicles.  PLATINUM CHEVROLET and Defendants agreed on a price for each Subject Vehicle.  Defendants falsely represented to PLATINUM CHEVROLET that they intended to pay for the Subject Vehicles, and PLATINUM CHEVROLET relinquished possession of the Subject Vehicles to Defendants based on that representation.

64. Defendants had no intention of paying for the Subject Vehicles at the time they agreed on a price for the Subject Vehicles, and in fact never paid for the Subject Vehicles.

65. Defendants, and each of them, represented to MANLY HONDA that Defendants had ownership of the Subject Vehicles, and that for a price, they would sell those Subject Vehicles to MANLY HONDA.  MANLY HONDA did in fact tender money to Defendants for the purchase of the Subject Vehicles, however Defendants did not have legal ownership or title of the Subject Vehicles, and were unable to provide transfer ownership of the Subject Vehicles to MANLY HONDA so that MANLY HONDA could then sell the Subject Vehicles to its customers.  Defendants, and each of them, knew that they lacked ownership and titled to the Subject Vehicles due to the deceit and fraud perpetrated on PLATINUM CHEVROLET, and did accept money from MANLY HONDA for Subject Vehicles which Defendants did not own and for which they had no intent of transferring ownership to MANLY HONDA.

66. As a direct and legal result of DEFENDANTS' illegal conduct as set forth herein, Plaintiffs have been damaged in the amount of the reasonable value of the Subject Vehicles and in an amount to be proven at trial.

67. Plaintiffs damages are ongoing and increasing due to the failure of Defendants, and each of them, to compensate PLATINUM CHEVROLET for the value of the Subject Vehicles that it subsequently purportedly sold to Plaintiff MANLY HONDA, as well as Defendants theft of money from MANLY HONDA.

68. Defendants' acts, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiffs.  Defendants' and each of them, entered the subject transaction with Plaintiffs knowing that they had no intent to pay for the Subject Vehicles, or to provide ownership and title to the Subject Vehicles.  Such acts demonstrate and constitute oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff PLATINUM CHEVROLET to punitive damages against Defendants, and each of them.

69. Wherefore, Plaintiffs pray for judgment as more fully set forth below.

## G. **SEVENTH CAUSE OF ACTION (THEFT (PENAL CODE §496))**

70. Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

71. California Penal Code §496 (a) states that any person who "conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be stolen or obtained, is guilty of a crime.

72. Defendants, and each of them, concealed, sold, and withheld the Subject Vehicles from Plaintiffs and have violated Penal Code §496.

73. Penal Code §496(c) permits a person who has been injured by a violation of subsection (a) or (b) to bring an action for three times the amount of actual damages, plus costs of suit and reasonable attorneys' fees.

74. As a direct and legal result of DEFENDANTS' illegal conduct as set forth herein, Plaintiffs have been damaged in the amount of the reasonable value of the Subject Vehicles and in an amount to be proven at trial.

75. Plaintiffs damages are ongoing and increasing due to the failure of Defendants, and each of them, to compensate PLATINUM CHEVROLET for the value of the Subject Vehicles that it

-11-
**COMPLAINT**

subsequently purportedly sold to Plaintiff MANLY HONDA, as well as Defendants theft of money from MANLY HONDA.

76. Defendants' acts, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiffs.  Defendants' and each of them, entered the subject transaction with Plaintiffs knowing that they had no intent to pay for the Subject Vehicles, or to provide ownership and title to the Subject Vehicles.  Such acts demonstrate and constitute oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff PLATINUM CHEVROLET to punitive damages against Defendants, and each of them.

77. Wherefore, Plaintiffs pray for judgment as more fully set forth below

### H. EIGHTH CAUSE OF ACTION (UNFAIR COMPETITION - BUSINESS & PROFESSIONS CODE §17200 *et seq.*)

78. PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

79. Defendants have engaged in unlawful business acts or practices by committing acts including conversion, theft, trespass to chattels, and all the other acts complained of in this complaint, interference with business relationships between California automobile dealerships, all in an effort to gain unfair competitive advantage over competing automobile dealerships.

80. These unlawful business acts or practices were committed pursuant to business activity related to providing automobiles to the California public.

81. The acts and conduct of Defendants constitute fraudulent, unlawful, and unfair competition as defined by California Bus. & Prof. Code §§ 17200, et seq

82. Defendants' conduct constitutes violations of numerous state and federal statutes and codes, as described herein,.  Defendants' conduct also constitutes conversion, trespass to chattels, theft, unjust enrichment, and etc.

83. As a direct and legal result of Defendants' illegal conduct as set forth herein, Plaintiffs have been damaged in the amount of the reasonable value of the Subject Vehicles and in an amount to be proven at trial.

84. Plaintiffs damages are ongoing and increasing due to the failure of Defendants, and each of them, to compensate PLATINUM CHEVROLET for the value of the Subject Vehicles that it

**COMPLAINT**

subsequently purportedly sold to Plaintiff MANLY HONDA, as well as Defendants theft of money from MANLY HONDA.

85. Defendants' acts, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiffs.  Defendants' and each of them, entered the subject transaction with Plaintiffs knowing that they had no intent to pay for the Subject Vehicles, or to provide ownership and title to the Subject Vehicles.  Such acts demonstrate and constitute oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff PLATINUM CHEVROLET to punitive damages against Defendants, and each of them.

86. WHEREFORE, Counter Claimant prays for judgment as herein set forth.

## VII.   DEMAND FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For all special damages incurred, according to proof, including, but not limited to the agreed purchase price of five Subject Vehicles described in paragraph 15, and for amount paid by MANLY HONDA to Defendants as described in paragraph 23;
2. For all general damages according to proof;
3. For prejudgment interest as allowed by law;
4. For costs of suit incurred herein;
5. For treble damages pursuant to Penal Code §496(c);
6. For an award of attorneys' fees;
7. For punitive and exemplary damages;
8. For such other and further relief as the Court deems just and proper.

//
//
//
//
//
//

## VIII.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury.

DATED:  October 24, 2018                    TOSCHI ▪ SIDRAN ▪ COLLINS ▪ DOYLE


                                By:   /s/ Thomas Crowell
                                   DAVID R. SIDRAN
                                   THOMAS M. CROWELL
                                   Attorneys for Plaintiffs,
                                   BARNES FAMILY COMPANY, INC.,
                                   dba PLATINUM CHEVROLET and
                                   FOREIGN AUTOMOTIVE,
                                   dba MANLY HONDA